**Last revised: August 1, 2017**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In Re:                                                                   Case No.:    _____

Arthur Carter and Delores Carter
                                                                          Judge:       _____

Debtor(s)

**Chapter 13 Plan and Motions**

☐ Original                    ☐ Modified/Notice Required                    Date:    _____11/6/17_____

☐ Motions Included      ☒ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: _____TW_____    Initial Debtor: _____AC_____    Initial Co-Debtor: _____DC_____

**Part 1:  Payment and Length of Plan**

a. The debtor shall pay $ _____400_____ per _____Month_____ to the Chapter 13 Trustee, starting on _____12/1/17_____ for approximately _____47_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒   Future earnings

☐   Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☒ NONE**

    a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

a.  All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 3500.00 |
| DOMESTIC SUPPORT OBLIGATION | | |

b.  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: | | |

**Part 4:    Secured Claims**

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Midland Mortgage | Real Estate | 11,944.68 | 0.00 | 11,944.68 | 954.66 |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Ally | Auto | 2,162.99 | 0.00 | 2,162.99 | 489.00 |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☐ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
| Wells Fargo | Furniture | 509.15 |

## Part 5:   Unsecured Claims ☐ NONE

**a. Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

**b. Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6:   Executory Contracts and Unexpired Leases ☒ NONE

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:   Motions  ☒ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.   ☒ NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**  ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8:   Other Plan Provisions

### a. Vesting of Property of the Estate

☒   Upon confirmation

☐   Upon discharge

### b. Payment Notices

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Attorney Fees and other administrative expenses
3) Secured Creditors
4) Priority then any remaining unsecured claims

### d. Post-Petition Claims

The Standing Trustee ☒ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification  ☐ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 7/28/17_____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
|  |  |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 11/6/17_____    /s/ Tamika N. Wyche, Esquire_____
                                                                    Attorney for the Debtor

Date: 11/6/17_____    /s/ Arthur Carter_____
                                                                    Debtor

Date: 11/6/17_____    /s/ Delores Carter_____
                                                                    Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: 11/6/17                                    /s/ Tamika N. Wyche, Esquire
                                                 Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 11/6/17                                    /s/ Arthur Carter
                                                 Debtor

Date: 11/6/17                                    /s/ Delores Carter
                                                 Joint Debtor

```
                         United States Bankruptcy Court
                              District of New Jersey

In re:                                                         Case No. 17-17804-ABA
Delores A. Carter                                              Chapter 13
Arthur D. Carter, Sr.
        Debtors
```

# CERTIFICATE OF NOTICE

```
District/off: 0312-1          User: admin                Page 1 of 2                  Date Rcvd: Nov 07, 2017
                              Form ID: pdf901            Total Noticed: 41


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 09, 2017.
db/jdb        +Delores A. Carter,    Arthur D. Carter, Sr.,    5431 Witherspoon Ave,    Pennsauken, NJ 08109-4730
cr            +Federal National Mortgage Association,    c/o Stern & Eisenberg, PC,    1040 N. Kings Highway,
                Suite 407,    Cherry Hill, NJ 08034-1925
cr            +RoundPoint Mortgage Servicing Corporation,     c/o Stern & Eisenberg, PC,    1040 N. Kings Highway,
                Suite 407,    Cherry Hill, NJ 08034-1925
516879686      ADTC Security Services,    PO Box 650485,    Dallas TX 75265-0485
516879685      Alloy,    PO Box 380902,    Bloomington, MN 55438-0902
516879687      Cooper University Health Care,    PO Box 95000-4345,    Philadelphia PA 19195-4345
516977365      Financial Recoveries,    200 E. Park Drive, Ste 100,    Mt. Laurel, NJ 08054-1297
516977363      KLM Law Group, PC,    216 Haddon Avenue, Ste 406,    Westmont, NJ 08108-2812
516977367      Larchmont Imaging Associates, LLC,    PO Box 448,    Hainesport, NJ 08036-0448
516879689      Mariner Finance,    814 White Horse Pike Ste 1,    Oaklyn NJ 08107-1266
516879690      Med Credit,    PO Box 1629,    Maryland Heights MO 63043-0629
517111608     +MidFirst Bank,    999 NorthWest Grand Boulevard,    Oklahoma City, OK 73118-6051
516977362      Midland Mortgage,    999 NW Grand Blvd,    Oklahoma City, OK 73118-6051
516879684      Midland Mortgage,    PO Box 26648,    Oklahoma City OK 73126-0648
516879692      PSE&G,    PO Box 14444,    New Brunswick NJ 08906-4444
516772627      PSE&G,    2 Riverside Drive,    Camden, NJ 08103
516977370      Physician Billing - PB CHOP,    PO Box 788017,    Philadelphia, PA 19178-8017
517116600     +RoundPoint Mortgage Servicing Corporation,     5016 Parkway Plaza Blvd., Suite 200,
                Charlotte, NC 28217-1930
516879693      Sears,    PO Box 78051,    Phoenix AZ 85062-8051
516977372      Verizon,    PO Box 4830,    Trenton, NJ 08650-4830
516879695     +Verizon,    PO Box 4849,    Trenton, NJ 08650-4849
516977373      Virtua Health Camden,    PO Box 8500,    Philadelphia, PA 19178-8500
516879694      Well Fargo Financial National Bank,    PO Box 660553,    Dallas TX 75266-0553
517013849      Wells Fargo Bank, N.A.,    PO Box 10438, MAC F8235-02F,    Des Moines, IA  50306-0438
516977374      Wells Fargo Card SVC,    PO Box 14517,    Des Moines, IA 50306-3517

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: usanj.njbankr@usdoj.gov Nov 07 2017 22:32:34      U.S. Attorney,    970 Broad St.,
               Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Nov 07 2017 22:32:31       United States Trustee,
               Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
               Newark, NJ 07102-5235
cr            +E-mail/Text: bncmail@w-legal.com Nov 07 2017 22:32:42      Foundation Finance Company,
               c/o Weinstein & Riley, P.S.,    2001 Western Ave, Suite 400,    Seattle, WA 98121-3132
516977364      E-mail/Text: amscbankruptcy@adt.com Nov 07 2017 22:33:19       ADT Security Service,
               PO Box 371490,    Pittsburgh, PA 15250-7490
516772628     +E-mail/Text: ally@ebn.phinsolutions.com Nov 07 2017 22:31:43       Ally Financial,
               PO Box 380901,    Bloomington MN 55438-0901
517038091      E-mail/Text: ally@ebn.phinsolutions.com Nov 07 2017 22:31:43       Ally Financial,
               PO Box 130424,    Roseville MN 55113-0004
517019313     +E-mail/Text: bncmail@w-legal.com Nov 07 2017 22:32:42      FOUNDATION FINANCE COMPANY,
               C O WEINSTEIN & RILEY, PS,    2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
516879688      E-mail/Text: iaceves@foundationfinance.com Nov 07 2017 22:33:23       Foundation Finance Company,
               P.O. Box 437,    SchoField WI 54476-0437
516772630     +E-mail/Text: iaceves@foundationfinance.com Nov 07 2017 22:33:23       Foundation Finance Co,
               7802 Meadow Rock Dr,    Weston WI 54476-5262
517001546      E-mail/PDF: cbp@onemainfinancial.com Nov 07 2017 22:29:40      ONEMAIN,    P.O. BOX 3251,
               EVANSVILLE, IN 47731-3251
516977368      E-mail/PDF: cbp@onemainfinancial.com Nov 07 2017 22:29:51      One Main Financial,
               PO Box 70911,    Charlotte, NC 28272-0911
516977369      E-mail/PDF: cbp@onemainfinancial.com Nov 07 2017 22:30:04      One Main Financial,
               PO Box 9001122,    Louisville, KY 40290-1122
516879691     +E-mail/PDF: cbp@onemainfinancial.com Nov 07 2017 22:30:04      One Main Financial,
               1210 Rt 130 North Ste 14,    Cinnaminson NJ 08077-3046
516772629     +E-mail/PDF: cbp@onemainfinancial.com Nov 07 2017 22:30:04      OneMain,    PO Box 1010,
               Evansville IN 47706-1010
516977371      E-mail/Text: bankruptcy@sw-credit.com Nov 07 2017 22:32:35       SW Credit Systems, LP,
               4120 International Pkwy, Ste 1100,    Carrollton, TX 75007-1958
517082007     +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Nov 07 2017 22:35:28       Verizon,
               by American InfoSource LP as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
                                                                                               TOTAL: 16

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516977366*    ++FOUNDATION FINANCE COMPANY,    7802 MEADOW ROCK DRIVE,    WESTON WI 54476-5262
               (address filed with court:  Foundation Finance Company,     PO Box 437,
                 Schofield, WI 54476-0437)
                                                                                               TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

```
District/off: 0312-1          User: admin              Page 2 of 2                Date Rcvd: Nov 07, 2017
                              Form ID: pdf901          Total Noticed: 41
```

***** BYPASSED RECIPIENTS (continued) *****

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 09, 2017                                            Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 6, 2017 at the address(es) listed below:

```
          Charles H. Jeanfreau    on behalf of Creditor    Foundation Finance Company Charlesj@w-legal.com,
           BNCmail@w-legal.com
          Denise E. Carlon    on behalf of Creditor    MIDFIRST BANK dcarlon@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          Isabel C. Balboa    ecfmail@standingtrustee.com, summarymail@standingtrustee.com
          Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
           summarymail@standingtrustee.com
          Steven P. Kelly    on behalf of Creditor    Federal National Mortgage Association
           skelly@sterneisenberg.com, bkecf@sterneisenberg.com
          Steven P. Kelly    on behalf of Creditor    RoundPoint Mortgage Servicing Corporation
           skelly@sterneisenberg.com, bkecf@sterneisenberg.com
          Tamika Nicole Wyche    on behalf of Debtor Delores A. Carter dpdlawyer@comcast.net,
           G30609@notify.cincompass.com
          Tamika Nicole Wyche    on behalf of Joint Debtor Arthur D. Carter, Sr. dpdlawyer@comcast.net,
           G30609@notify.cincompass.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                              TOTAL: 9
```